# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL GYDA,<br><br>                             Plaintiff,<br><br>      v.<br><br>FEDERAL BUREAU OF INVESTIGATION (FBI) CRIME LABORATORY; UNITED STATES DEPARTMENT OF ENERGY OFFICE OF SCIENCE (DOE-OS); OAK RIDGE INSTITUTE FOR SCIENCE AND EDUCATION (ORISE); OAK RIDGE ASSOCIATED UNIVERSTIES (ORAU),<br><br>                             Defendants. | CIVIL ACTION NO.: 13-7591 |

## **DEFENDANT OAK RIDGE ASSOCIATED UNIVERSITIES' (ORAU) MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

Oak Ridge Associated Universities ("ORAU" or "Defendant") submits this Memorandum of Law in support of its Motion to Dismiss the Amended Complaint ("Am. Compl.") filed by Michael Gyda ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6). As set forth more fully below, dismissal of Plaintiff's Complaint is proper as he lacks standing to bring suit and fails to state a plausible claim for relief.

**I.      SUMMARY OF ARGUMENT**

In his Amended Complaint, Plaintiff asserts without any factual support, that one of the eligibility guidelines for participation in the U.S. Federal Bureau of Investigation ("FBI") Crime Laboratory's Visiting Scientist Program ("VSP") violates the Age Discrimination in Employment Act ("ADEA"). Specifically, Plaintiff claims that requiring applicants to receive

their degree within three years[1] of their start date is an age-based requirement that violates the ADEA and the rights of all scientists over the age of 40 who wish to participate in the program. Interestingly, Plaintiff never applied to the program. Instead, Plaintiff initiated a frivolous lawsuit wherein he requests that this Court direct the program administrators to accept him into the program and pay various damages, several of which are unavailable under the federal statute. Plaintiff's Amended Complaint must be dismissed in its entirety and with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

As an initial matter, Plaintiff lacks standing to invoke the jurisdiction of this Court. Plaintiff cannot establish that he suffered an "injury in fact" or any harm at all as a result of the VSP's eligibility requirements.

Second, Plaintiff cannot state either a cognizable disparate impact or disparate treatment claim under the ADEA. Concerning disparate impact, the Amended Complaint fails to include reference to any evidence or statistical causation that demonstrates how VSP's eligibility requirements have a discriminatory impact on applicants over the age of 40. Similarly, Plaintiff fails to plead specific facts that would permit his claim to proceed under a disparate treatment theory. Most fatal to Plaintiff's claim is that he never applied to the VSP. Instead, Plaintiff's Complaint is based on bald, unsupported assertions, which on their own are wholly insufficient to meet the pleading requirements set forth in Twombly and Iqbal. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

---

[1] The Amended Complaint states that to qualify for the VSP, applicants must have obtained a degree within three-years of the desired starting date. Am. Compl. ¶ 20; Compl. Ex. 1-2. While some application materials incorrectly state that postgraduates should apply within three years of receiving their master's or doctoral degree, the eligibility guideline for postgraduates is actually five years. See Compl. Ex. 4. See also Research Project Description, attached hereto as **Exhibit A**. On a motion to dismiss, the court is not limited to facts addressed in the pleadings and may take judicial notice of matters outside the pleadings, such as documents that are matters of public record. Starks v. Coloplast Corp., 2014 U.S. Dist. LEXIS 19611, 2-3, n. 3 (E.D. Pa. Feb. 13, 2014) (citations omitted). See also PBGC v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993) (on a Motion to Dismiss, the Court may consider exhibits attached to the complaint, matters of public record, and authentic documents on which the complaint is based).

Lastly, Plaintiff improperly requests punitive and compensatory damages, neither of which are available under the ADEA.  See Lukens v. Whitemarsh Valley Country Club, 2003 U.S. Dist. LEXIS 20188 (E.D. Pa. Oct. 31, 2003).  Further, a pro se litigant who is not a lawyer is not entitled to attorney's fees.  Kay v. Ehrler, 499 U.S. 432, 435 (1991) (recognizing that a pro se litigant cannot recover attorney's fees under § 1988); Olick v. Kearney (In re Olick), 422 B.R. 507, 551 (Bankr. E.D. Pa. 2009) (pro se litigant was not entitled to attorney's fees for his ADEA claim).  Accordingly, should any claim in Plaintiff's Amended Complaint go forward against ORAU, Plaintiff must not be permitted to pursue claims for compensatory damages, punitive damages or attorneys' fees in connection with same.

## II.     BACKGROUND AND PROCEDURAL HISTORY

This matter arises out of Plaintiff's alleged interest in obtaining a postgraduate research opportunity with the FBI's VSP in Quantico, Virginia.  To qualify for the program, applicants must have received a master's or doctoral degree within five years of the desired starting date.

According to the Amended Complaint, Plaintiff, a 55-year-old male, received his doctoral degree in 2007 in Cell, Molecular and Developmental Biology.  Am. Compl. ¶ 21.  After unsuccessfully pursuing positions at environmental laboratories, Plaintiff became interested in switching his career to forensic science.  Am. Compl. ¶ 26.  On or around April 13, 2013, Plaintiff became aware of the VSP program.  Am. Compl. ¶ 25.  Upon reviewing the eligibility guidelines and due to the fact that Plaintiff received his doctorate in 2007, Plaintiff felt he was "arbitrarily and capriciously" precluded from participating in the program.  Am. Compl. ¶ 21. Accordingly, Plaintiff contacted the ORAU Director of Employee Relations and Diversity (whom the Plaintiff incorrectly identifies as the Equal Employment Opportunity ("EEO") Ombudsman for one of the federal Defendants, Oak Ridge Institute for Science and Education

("ORISE")) to complain about the requirement.  Am. Compl. ¶¶ 10-12.  On September 5, 2013, Plaintiff filed a Charge of Discrimination with the EEOC in Philadelphia against ORAU, alleging that the VSP's application process violated the ADEA.  Am. Compl. ¶ 14.  The EEOC dismissed Plaintiff's Charge on September 24, 2013 and informed him of his right to file a civil action.  Am. Compl. ¶ 15; Compl. Ex. 5.   Plaintiff filed this action on December 24, 2013.  ECF No. 1.  Subsequently, on August, 29, 2014, Defendant ORAU was served with the Amended Complaint.

### III.  LEGAL STANDARDS

#### A.  Federal Rule of Civil Procedure 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Warner v. Sun Ship, LLC, 2012 WL 1521866, *2 (E.D. Pa. April 30, 2012). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  While the court accepts well-pled allegations as true, it will not accept "bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations."  Esposito v. I-Flow Corp., 2011 U.S. Dist. LEXIS 122570 (E.D. Pa. Oct. 18, 2011) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).  The relevant inquiry is whether the facts alleged are sufficient to show that the plaintiff has a "plausible claim for relief." Najmola v. Women's Healthcare Grp. of PA, 2014 WL 3700260, *2 (E.D. Pa. July 24, 2014).

Additionally, a complaint filed *pro se* may be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief." Polite v. Rendell, 2010 U.S. Dist. LEXIS 31867 (E.D. Pa. Apr. 1, 2010) (internal quotations and citations omitted).  District Courts are not required to "stretch our imagination to manufacture allegations to supplement the complaint or to assume facts inconsistent with it after finding that the facts preclude relief." Hamilton v. Jamieson, 355 F. Supp. 290, 298 (E.D. Pa. 1973).  Nor will the courts "infer facts [that are] important, basic, and obvious…." Id.

### B. Article III Standing

A plaintiff seeking to invoke the jurisdiction of a federal court must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy. Douris v. Bucks County, 2005 U.S. Dist. LEXIS 1279, 26-27 (E.D. Pa. Jan. 31, 2005).  Courts must examine issues of standing, *sua sponte*, under the case-or-controversy requirement. Maguire v. Citizens Fin. Group, Inc., 2005 U.S. Dist. LEXIS 3437 (E.D. Pa. Feb. 16, 2005) (citation omitted).  To establish standing under Article III, a plaintiff must plead three elements: (1) the plaintiff suffered an injury in fact that is "concrete", "particularized" and "actual or imminent"; (2) there is a causal connection between the injury and the conduct complained of; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

### IV. LEGAL ARGUMENT

#### A. Plaintiff Fails to Establish Standing to Maintain this Action.

Plaintiff alleges that the VSP's eligibility requirements violate the ADEA as well as his right to be considered for the postgraduate research opportunity.  Am. Compl. ¶ 34.  As the party invoking federal jurisdiction, Plaintiff bears the burden of establishing standing. Lujan, 504 U.S. at 561.  However, Plaintiff has not pled sufficient facts to satisfy the Lujan factors to establish

that he suffered an "injury in fact." Indeed, Plaintiff does not assert that he suffered *any* harm as a result of the VSP's application process, nor can he, as he never applied to the program. Instead, Plaintiff makes broad, unsupported allegations that the VSP's requirement that applicants receive their master's or doctorate within three[2] years of their start date is "both pragmatically and statistically an overwhelmingly age-biased requirement", which "immediately eliminates and excludes without cause a vast number of otherwise qualified applicants from ever having the opportunity to embark on a productive career…" Am. Compl. ¶¶ 32, 31. This type of "injury", being purely speculative, is insufficient to support standing. See e.g., Kaymak v. AAA Mid Atl., Inc., 529 Fed. Appx. 222, 225 (3d Cir. 2013) (noting that a speculative injury is insufficient to confer standing). Further, Plaintiff "cannot rest his claim to relief on the legal rights or interests of third parties," namely, "all appropriately-trained scientists over forty (40) years of age". Warth v. Seldin, 422 U.S. 490, 499 (1975); Am. Compl. ¶ 34.

Plaintiff has not and cannot allege any "injury in fact" to himself and he fails to identify how the VSP's eligibility requirements have resulted in an invasion of his legally protected interests. Accordingly, Plaintiff's Complaint should be dismissed in its entirety with prejudice.

    **B. Plaintiff Cannot State Cognizable Disparate Impact or Disparate Treatment Claims Against Defendant ORAU.**

The ADEA prohibits both policies and practices that have a "disparate impact" on individuals over the age of 40 as well as the "disparate treatment" of individuals over the age of 40. Hazen Paper Co. v. Biggins, 507 U.S. 604, 609 (1993). Regardless of which theory Plaintiff is proceeding under, he fails to set forth facts to establish a claim for relief under either theory or in accordance with the standard expressed in Twombly and Iqbal. Instead, Plaintiff's Complaint

---

[2] Again, it bears mentioning that the eligibility guideline for postgraduates is actually five years.

6

is based entirely upon bald, conclusory statements, without any factual support or specific allegations.

### 1.   Plaintiff Cannot Establish a *Prima Facie* Case Under the Disparate Impact Theory.

Although not exactly clear, Plaintiff's Complaint appears to proceed under a disparate impact theory of discrimination, which "involve[s] employment practices that are facially neutral in their treatment of different groups but that fall more harshly on one group than another." Smith v. City of Jackson, 544 U.S. 228, 239 (2005) (internal quotations and citations omitted). Specifically, Plaintiff claims that VSP's requirement that applicants must have graduated within three-years of their start date has a disparate impact on postgraduates over the age of 40, as older applicants are less likely to have recently received their degrees.

To establish a *prima facie* case under the disparate impact model, Plaintiff must show that "the facially neutral employment practice had a significantly discriminatory impact" on the protected group. Massarsky v. Gen. Motors Corp., 706 F.2d 111, 120 (3d Cir. 1983). Plaintiff cannot simply claim that employees are disparately impacted or that a general policy leads to a disparate impact. See Smith, 544 U.S. at 241. Instead, Plaintiff must demonstrate causation by "offer[ing] statistical evidence of a kind and degree sufficient to show that the practice in question has caused the exclusion of applicants for jobs or promotions because of their membership in a protected group." Watson v. Forth Worth Bank Trust, 487 U.S. 977, 994 (1988).

Here, Plaintiff falls short of meeting any of the required showings to initially establish a disparate impact claim. Plaintiff's Complaint is devoid of any reference to *any* statistics or evidence demonstrating that the VSP's eligibility requirements have had a significantly discriminatory impact on applicants over the age of 40. Instead, Plaintiff merely asserts that

7

because *he* received his doctorate degree more than five years prior to his interest in the program, that other similarly situated individuals must have been impacted as well.[3] Also missing from Plaintiff's Complaint is any allegation that had he learned of the program one year earlier, when he would have fit within the VSP's postgraduate eligibility requirement, that he would not have been considered due to his age. Indeed, Plaintiff cannot make this argument because all VSP postgraduate applicants, regardless of age, are eligible to apply so long as a master's or doctoral degree was received within five years of the desired starting date.

Finally and most importantly, Plaintiff's has failed to allege any statistical causation between VSP's policy and an exclusion of applicants over the age of 40. Accordingly, Plaintiff cannot establish a *prima facie* case under the disparate impact theory and his claim must be dismissed with prejudice.

### 2. Plaintiff Cannot Establish a *Prima Facie* Case Under the Disparate Treatment Theory.

Likewise, Plaintiff fails to set forth sufficient facts in his Complaint to establish a disparate treatment claim under the ADEA. To establish a *prima facie* case under the ADEA for failure to hire, Plaintiff must establish: (1) that he is over the age of 40; (2) that he applied for and was qualified for the job; (3) that despite his qualifications he was rejected; and (4) that the employer either ultimately filled the position with someone sufficiently younger to permit an inference of age discrimination or continued to seek applicants with Plaintiff's qualifications. See Narin v. Lower Merion Sch. Dist., 24 F. Supp. 2d 465, 468-469 (E.D. Pa. 1998). To succeed

---

[3] It is worth noting that Plaintiff himself was approximately 48 years old when he received his doctorate. This fact cuts directly against Plaintiff's argument that "only an infinitesimally minute fraction of all scientists holding degrees in an appropriate discipline, and who are over the age of forty, received their degrees within the stated three year window of application to the VSP". Am. Compl. ¶ 32. Additionally, the source Plaintiff cites for this proposition further cuts against his argument, as it shows that in 2012, 10.4% of life sciences doctorates were awarded to students 41 and older. See National Center for Science and Engineering Statistics, National Science Foundation, Doctorate Recipients from U.S. Universities 2012, Table 27 (www.nsf.gov/statistics/sed/2012/excel/tab27.xlsx).

on an age discrimination claim under the ADEA, the plaintiff bears the ultimate burden of proving that his age was the sole basis for the employer's decision. See Smith v. City of Allentown, 589 F.3d 684, 691 (3d Cir. 2009) (citing Gross v. FBL Fin. Servs, 557 U.S. 167, (2009)). Plaintiff cannot meet this burden.

First, Plaintiff's Complaint fails to allege that he ever applied to the VSP program or that he made "every reasonable attempt" to convey his interest in the program to the VSP decision makers. EEOC v. Metal Serv. Co., 892 F.2d 341, 348-49 (3d Cir. 1990); Blasi v. Pen Argyl Area Sch. Dist., 2013 U.S. Dist. LEXIS 172173, *18 (E.D. Pa. Dec. 5, 2013). Instead, Plaintiff merely states that he contacted ORAU's Director of Employee Relations and Diversity, whom he believed to be ORISE's EEO ombudsman, to explain his belief that the eligibility requirement "was a statement of discriminatory preference with respect to age". Am. Compl. ¶ 10. Plaintiff's communication was nothing more than an expression of his opinion, not a showing of intent to apply for a position.

Plaintiff further states that he filed a "formal complaint" with ORAU's Vice President and Legal Counsel via e-mail, "concerning the alleged discrimination under ADEA". Compl. ¶¶ 11-12. These communications cannot be viewed as Plaintiff expressing his interest in being considered for the VSP. See Parker v. Univ. of Pa., 128 Fed. Appx. 944, 946 (3d Cir. 2005) (plaintiff's discrimination claim failed as he never applied to the position but merely sent his resume and a letter of complaint to the employer's affirmative action office); Menta v. Cmty. College, 428 F. Supp. 2d 365, 377 (W.D. Pa. 2006) (court held the plaintiff could not establish a *prima facie* case because he failed to apply for the position and the employer was unaware of his interest); Blasi, 2013 U.S. Dist. LEXIS 172173 at *20 (ADEA failure to hire claim dismissed as

9

plaintiff failed to establish that he made every reasonable attempt to express his interest in the position).

Second, Plaintiff does not allege in his Complaint that he was rejected from the position or suffered any other adverse employment action, as he never applied to the program. See Blasi, 2013 U.S. Dist. LEXIS 172173 at *22, n. 26 ("Without an actual application, it would be hard to then find an adverse employment action."). As such, Plaintiff cannot satisfy prong three of his *prima facie* case because he was never considered or rejected by the VSP.

Third, Plaintiff does not identify any similarly qualified individuals outside of his protected class who were treated more favorably. In fact, Plaintiff does not identify anyone at all. Instead, Plaintiff alleges, without any factual support, that the VSP eligibility requirement is "pragmatically and statistically an overwhelmingly age-biased requirement". Am. Compl. ¶ 32. This allegation is merely a legal conclusion, and completely insufficient to create a right to relief. Santiago v. Brooks Range Contract Servs., 2012 U.S. Dist. LEXIS 41644, 8-9 (E.D. Pa. Mar. 26, 2012) (dismissing complaint as plaintiff failed to allege or demonstrate that his age played a role in the employer's decision not to hire him, or that a younger employee was hired in his place).

Finally, Plaintiff has not and cannot demonstrate that discrimination was "more likely than not" the determinative factor in the employment decision, as no decision was ever made. Simpson v. Kay Jewelers, Div. of Sterling, Inc., 142 F.3d 639, 644-645 (3d Cir. 1998) (citations omitted). Demonstrating that his age was the *determinative* factor requires Plaintiff to show that it was more than one of a number of motivating factors. Anderson v. Equitable Res., Inc. 2009 U.S. Dist. LEXIS 113256, *45-46 (W.D. Pa. 2009) (citing Gross v. FBL Fin. Servs, 129 S. Ct. 2343 (2009)). To satisfy his burden, Plaintiff "must point to evidence in the same way that critical facts are generally proved – based solely on the natural probative force of the evidence."

Keller v. Orix Credit Alliance, 130 F.3d 1101, 1111 (3d Cir. 1997).  Plaintiff's Complaint states that the VSP's application requirement is "discriminatory preference[]" ¶ 20, "discrimination" ¶ 31, arbitrary and "both pragmatically and statistically an overwhelmingly age-biased requirement" ¶ 32, but he does not demonstrate how his age played any role in VSP's failure to hire him, let alone that his age was the sole motivating factor.  See Gross, 129 S. Ct. 2343.  As previously mentioned, had Plaintiff discovered the program one year earlier, at the age of 54, when his doctoral degree was within the 5-year requirement, he would have been eligible to apply.  The application's five-year eligibility guideline for postgraduates has nothing to do with an applicant's age, and Plaintiff cannot demonstrate otherwise.

Based on the foregoing, Plaintiff fails to state a cognizable claim against ORAU under the disparate treatment theory.  Accordingly, his Complaint should be dismissed with prejudice.

### C. Plaintiff Requests Damages That Are Unavailable Under the ADEA.

Plaintiff's Amended Complaint includes a demand for compensatory and punitive damages as well as for attorney's fees.  However, none of these remedies are available under the ADEA.  See Lukens v. Whitemarsh Valley Country Club, 2003 U.S. Dist. LEXIS 20188 (E.D. Pa. Oct. 31, 2003) ("Punitive damages are unavailable under both the ADEA and PHRA"); McGehean v. AF&L Ins. Co., 2009 U.S. Dist. LEXIS 56565, 3-4 (E.D. Pa. June 30, 2009) (stating that the Courts of Appeals have unanimously held that the ADEA does not permit separate recovery of compensatory damages for pain and suffering or emotional distress); Kay v. Ehrler, 499 U.S. 432, 435 (1991) (recognizing that a pro se litigant cannot recover attorney's fees under § 1988); Olick v. Kearney (In re Olick), 422 B.R. 507, 551 (Bankr. E.D. Pa. 2009) (pro se litigant was not entitled to attorney's fees for his ADEA claim).

Therefore, if any claim in Plaintiff's Amended Complaint goes forward against ORAU, Plaintiff must be foreclosed from pursuing claims for compensatory damages, punitive damages or attorneys' fees, as they are unavailable under the federal statute.

## V.  CONCLUSION

Plaintiff has not pled facts showing that he has standing to maintain this ADEA action, nor has he pled facts demonstrating that he has a plausible claim for relief.  Accordingly, ORAU respectfully requests that this Court grant its Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), with prejudice.

Respectfully submitted,

*/s/ Michael Friedman*
Michael S. Friedman (PA ID: 88228)
Asima J. Ahmad (PA ID: 316001)
**JACKSON LEWIS P.C.**
Three Parkway
1601 Cherry Street
Suite 1350
Philadelphia, PA 19102
T: (267) 319-7802
F: (215) 399-2249
michael.friedman@jacksonlewis.com
asima.ahmad@jacksonlewis.com

ATTORNEYS FOR DEFENDANT ORAU

Dated:  September 18, 2014